979 F.2d 248
 298 U.S.App.D.C. 309
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
FEDERAL DEPOSIT INSURANCE CORPORATION/NBW
v.
Donald BEZAHLER, Appellant.
 No. 91-5313.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 10, 1992.
 
 Before STEPHEN F. WILLIAMS, SENTELLE and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Bezahler seeks to substitute an amended note, allegedly executed pursuant to a settlement agreement, for a note past due. This agreement would "defeat" an "asset acquired by [the FDIC]," 12 U.S.C. § 1823(e), namely, the original note. To be valid against the FDIC in its role as receiver, an agreement with such an effect must meet all of the requirements of § 1823(e). One requirement of § 1823(e) is that an institution's board of directors or loan committee must have approved the agreement, and that this approval "shall be reflected in the minutes of said board or committee." 12 U.S.C. § 1823(e)(3). The FDIC has adduced evidence that the minutes of neither NBW's loan committee nor its board of directors indicate approval of the alleged settlement. Bezahler has produced no contrary evidence. No genuine issue of material fact, Fed.R.Civ.P. 56(c), exists over whether the amended note meets all of the requirements of § 1823(e). It does not. It is, accordingly
 
 
 3
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15(b)(2).